IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 18 2009

GREGORY C. LANGHAM
CLERK

Civil Action No. 09-cv-00049-BNB

C. ELI-JAH HAKEEM MUHAMMAD, a.k.a. CHRISTOPHER MITCHELL,

Applicant,

v.

RON WILEY, FCC/ADMAX Warden,

Respondent.

## ORDER OF DISMISSAL

### I. Background

Applicant C. Eli-jah Hakeem Muhammad, a.k.a. Christopher Mitchell, is in the custody of the United States Bureau of Prisons (BOP) at ADX Florence. Applicant initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging a prison disciplinary conviction.

Applicant raises seven claims in the Application. In all of the claims, he alleges that his procedural and substantive due process rights were violated, because prison officials, in his disciplinary proceeding in Incident Report (IR) No. 1703408, failed to follow the guidelines set forth in the Code of Federal Regulations (CFR's), and either violated the requirements in *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), or his Fifth Amendment rights.

Applicant specifically asserts the following: (1) In violation of the CFR's and *Wolff*, he did not receive a written notice of the misconduct charges against him until eighteen days after the incident took place; (2) in violation of the CFR's and *Wolff*, he

was denied staff representation of his choice for assistance with his defense in the disciplinary hearing; (3) in violation of the CFR's and *Wolff*, he was denied his right to call Officer T. Kilmer as a witness at the June 11, 2008, disciplinary hearing; (4) in violation of his due process rights and the CFR's, he was denied the ability to admit into evidence numerous surveillance videotapes that potentially would provide exculpatory evidence; (5) in violation of his due process rights and the CFR's, he was denied the right to assert self-defense as a complete defense in his disciplinary hearing or as a mitigating factor in his sanctions; (6) in violation of the CFR's and *Wolff*, the decision by the disciplinary hearing officer was not supported by competent, material, and substantial evidence; and (7) in violation of the CFR's and his due process rights, twenty-two days of his good-time credits were wrongfully revoked. As relief, Applicant seeks expungement of the incident from his disciplinary record, and the reinstatement of his statutory good-time credits.

## II. Analysis

The Court must construe the Application liberally because Applicant is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If an application reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the [applicant's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as a *pro se* litigant's advocate. *See id.*

2

As a federal prisoner, Applicant has a constitutionally protected liberty interest in his earned good-conduct time. *See Brown v. Smith*, 828 F.2d 1493, 1494 (10th Cir. 1987). Therefore, he was entitled to due process at the disciplinary hearing in question. However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Instead, adequate due process at a prison disciplinary hearing requires only that a prisoner be provided with written notice of the charges against him no less than twenty-four hours in advance of the disciplinary hearing, an opportunity to call witnesses and present documentary evidence in his defense if doing so would not be unduly hazardous to institutional safety or correctional goals, and a written statement by the factfinders of the reasons for the decision and the evidence on which they relied. *See id.* at 563-66; *Smith v. Maschner*, 899 F.2d 940, 946 (10th Cir. 1990). There also must be some evidence to support a disciplinary conviction. *Superintendent, Mass. Correctional Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985); *Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996).

"Ascertaining whether [the some evidence] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56; *see Mitchell*, 80 F.3d at 1445. The disciplinary decision will be upheld even if the evidence supporting the decision is "meager." *Mitchell*, 80 F.3d at 1445 (citing *Hill*, 472 U.S. at 457).

3

Constitutionally adequate due process at a prison disciplinary hearing does not require that an applicant be informed of every detail of the charges against him so that he can prepare what in his opinion is the best defense. It only requires that he be informed of the charges to enable him to marshal the facts and prepare a defense. *Wolff*, 418 U.S. at 564.

Applicant has been instructed previously by this Court that "a failure to adhere to administrative regulations does not equate to a constitutional violation." *See Hovater v. Robinson,* 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993) (citing *Davis v. Scherer,* 468 U.S. 183, 194 (1984)). A review of an applicant's disciplinary proceeding is "limited to whether the three steps mandated by *Wolff* were followed and whether there was some evidence to support the disciplinary committee's findings." *Mitchell*, 80 F.3d at 1445; *e.g., Diaz v. McGuire,* No. 05-3149, 154 Fed. Appx. 81, 84-85 (10th Cir. (Kan.) Nov. 14, 2005) (stating that prison regulations are not designed to confer rights on inmates, and the process which is due is measured by the due process clause) (unpublished op.), *cert. denied,* 546 U.S. 1221 (2006). Any failure by BOP prison to follow the guidelines set forth under the CFR's fails to state a due process violation. With respect to Applicant's *Wolff* claims, the Court finds the following.

### 1. Claim One/Written Notice of the Charges Against Him

Applicant complains that his due process rights were violated because he did not receive a written notice of the charges against him until March 13, 2008, which was seventeen days after the incident took place, on February 25, 2008. (Application, Attach P. at 2.) Applicant appears to misunderstand the requirements set forth under *Wolff.* Due process is provided to an inmate when he receives notice of the charges

4

against him within twenty-four hours prior to a disciplinary hearing. Here, as stated above, he received a written notice of the incident report, and the charges asserted against him, on March 13, 2008. His disciplinary hearing took place on June 11, 2008. (Application at 4 and at Attach. U.) Applicant had well over twenty-four hours between the date he was given a notice of the charges against him and the date the disciplinary hearing was held. Therefore, Applicant fails to assert that his due process rights were violated with respect to when he received a written notice of the disciplinary charges asserted against him in IR No. 1703408.

### 2. Claim Two/Right to Staff Representation of his Choice

*Wolff* provides no right to assistance from a staff representative during the disciplinary process, including any assistance from a prison staff member who would help Applicant develop a defense, and who would become familiar with all evidence relative to the proceeding, as Applicant suggests. *Wolff*, 418 U.S. at 570 (The Supreme Court refrained from holding that inmates have a right to either retained or appointed counsel in disciplinary proceedings.). The Court also notes that Applicant is not illiterate, and the issues involved in the disciplinary hearing are not complex. Two issues that may give rise to the need for representation. Nonetheless, even if the Court were to find that representation was necessary, Applicant is not entitled to a representative of his choice. Applicant, therefore, fails to assert that his due process rights were violated when he allegedly was denied staff representation in his disciplinary proceeding in IR No. 1703408.

5

### 3. Claim Three/ Right to Call Witnesses

Applicant contends that he requested Officer T. Kilmer to be called as a witness at the June 11, 2008, disciplinary hearing but was denied his request. Applicant asserts that Officer Kilmer would have testified that he had received a "cop-out" from Applicant requesting that his coat be washed because urine had been thrown on the coat on two occasions. (Application, Attach. T at 4.) Nothing in the testimony that Applicant asserts Officer Kilmer would have been able to provide at his disciplinary hearing disproves that Applicant committed disruptive behavior or interfered with the security or orderly operations of the prison, on February 25, 2008. Applicant fails to show how the testimony by Officer Kilmer would have affected the outcome of his disciplinary hearing. *Chesson v. Jaquez*, 986 F.2d 363, 366 (10th Cir. 1993).

Although prison officials must consider an inmate's request to call a witness on an individual basis, errors in denying witness testimony are subject to a harmless error review. *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 813 (10th Cir. 2007) (citations omitted). Based on the above findings, denying Applicant the ability to have Officer Kilmer testify at Applicant's disciplinary hearing is at best a harmless error, and the Court finds no violation of Applicant's due process by the denial. Applicant, therefore, fails to assert that his due process rights were violated when he was denied the ability to call Officer Kilmer as a witness at the disciplinary hearing at issue in this case.

### 4. Claims Four and Five/Exculpatory Evidence/ Self-Defense

Applicant asserts that he was denied the ability to admit into evidence numerous surveillance tapes he had requested to provide as exculpatory evidence. He further

6

contends that he was not allowed to assert self-defense as a complete defense at his disciplinary hearing.

As for Applicant's claim that he was denied copies of the surveillance tapes for use at his disciplinary hearing as exculpatory evidence, Applicant fails to assert what the surveillance tapes would have shown that would have exonerated him from the guilty finding in his disciplinary proceeding. Applicant asserts in Attachment V to the Application that the actions he took on the date of the incident were taken to counteract when the inmate, upon whom Applicant was accused of throwing bodily fluids, had thrown urine on him. Applicant further contends that his acts were done in self-defense and to protect himself from further assaults by the other inmate.

Although Applicant stops short of admitting in the Application and the Attachments that he threw bodily fluids on another inmate, he does admit that he did something to the other inmate on the date in question. He further states in his request for an administrative remedy regarding the incident, which is attached to the Application, that he had to "take matters into his own hands" regarding the other inmate." (Application, Attach. Z at 3.) The Court, therefore, finds that the surveillance tapes would not have shown any evidence exonerating Applicant of the charges of which he was found guilty, in that he admits to doing something to the other inmate on the date in question, and such actions properly may be considered as disruptive behavior that interferes with the security or orderly operations of the prison. The denial of the surveillance tapes, therefore, did not violate Applicant's due process rights.

As for Applicant's claim that he was denied the ability to assert self-defense, the Court finds no basis for the self-defense claim. Applicant contends that he was forced

to counter the other inmate's acts because prison officials would not protect him from the other inmate's continuing assaults on him, which involved the alleged throwing of urine on Applicant. As stated above, Applicant concedes that he did something to the other inmate to counter the other inmate's acts of throwing urine on him. Whether or not the other inmate threw urine on him at the time of the incident, Applicant's action, which includes an attempt to throw some type of fluid on the other inmate, is not an act of self-defense but is conduct that is disruptive and interferes with the security or orderly operations of the prison. Therefore, Applicant was not denied his due process rights in his disciplinary hearing simply because he was denied the ability to assert self-defense.

### 5. Claim Six/ Some Evidence

Applicant asserts that the Disciplinary Hearing Officer's (DHO's) decision lacked the facts to meet the "some evidence" standard. Nothing in the Application or Attachments indicates that the DHO lacked "some" evidence to find that Applicant was guilty of committing disruptive behavior or interfering with the security or orderly operations of the prison. Applicant has attached the DHO's report to the Application. The report indicates that the DHO relied on memorandums from two prison officers regarding the incident, and Applicant's statement at the Unit Disciplinary Committee hearing that the report by the officers was true and that he had thrown the liquid on the other inmate because of past incidents and behavior by the other inmate. (Application at Attach. U.) The DHO concluded that Applicant does not have the authority to take matters into his own hands and was guilty of disruptive conduct, but he was not guilty of an assault as originally charged. (Application at Attach. U.) The Court, therefore, finds

that the DHO's decision in the disciplinary hearing at issue in this case is supported by some evidence, and Applicant's due process rights were not violated by the decision.

### 6. Claim Seven/Liberty Interest in Good-Conduct Time

To the extent Applicant has a liberty interest in his good-conduct time, he was not denied due process in the disciplinary proceeding that resulted in the loss of the good-conduct time.

## III. Conclusion

Based on the above findings, Applicant fails to assert a denial of his due process rights in the disciplinary proceeding in IR No. 1703408. The Court, therefore, finds that Applicant's claims lack merit, and the action should be dismissed on the merits. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed on the merits.

DATED at Denver, Colorado, this 18 day of Feb, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00049-BNB

C. Eli-Jah Hakeem Muhammad
a/k/a Christopher Mitchell
Reg. No. 02791-088
ADX – Florence
PO Box 8500
Florence, CO 81226-8500

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 2/18/09

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk