IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
 ··· NVER, COLORADO

MAR 0 9 2009

GREGORY C. LANGHAM
CLERK

Civil Action No. 09-cv-00049-ZLW

C. ELI-JAH HAKEEM MUHAMMAD, a.k.a. CHRISTOPHER MITCHELL,

        Applicant,

v.

RON WILEY, FCC/ADMAX Warden,

        Respondent.

_____

## ORDER DENYING MOTION TO RECONSIDER

_____

        This matter is before the Court on the *pro se* "Motion to Alter or Amend and/or
Motion for Relief From Judgment," filed by Applicant C. Eli-Jah Hakeem Muhammad,
a.k.a Christopher Mitchell, on March 2 , 2009.  Applicant, a federal prisoner housed in
the State of Colorado, seeks reconsideration of the February 18, 2009, Order of
Dismissal that denied his Application for a Writ of Habeas Corpus Pursuant to 28
U.S.C. § 2241.  The Court must construe the Motion liberally because Applicant is
proceeding *pro se*.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.
Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons stated below, the
Motion will be denied.

        The Court denied the Application and dismissed the action because Applicant
failed to assert a denial of his due process rights in the disciplinary proceeding in

A motion to alter or amend that reiterates issues originally raised in the application and that seeks to challenge the legal correctness of the court's judgment by arguing that the district court misapplied the law or misunderstood the litigant's position correctly is asserted pursuant to Fed. R. Civ. P. 59(e). **See Van Skiver**, 952 F.2d at 1244. Upon consideration of the Motion to Reconsider and the entire file, the Court finds and concludes that Applicant fails to demonstrate some reason why the Court should alter or amend the February 18, 2009, Order of Dismissal in this action.

Applicant contends that the Court dismissed this action without addressing the merits of the claims he raised regarding a separate disciplinary action in IR No. 1703407. Applicant filed two 28 U.S.C. § 2241 Court-approved application forms within nine days of each other, one on January 13, 2009, and the other on January 22, 2009. The claims set forth in the second application form are similar to the claims set forth in the first application form. Nothing submitted with the second application form indicates that Applicant intended to file a separate § 2241 action. The Court is not required to review any pleadings that are separate from the Court-approved form in an attempt to determine the basis for Applicant's claims. Applicant has been instructed in previous actions that the factual basis for each of his claims must be presented on the Court-approved form.

Furthermore, as stated on Page Nine of the February 18, 2009, Order, the instant action was dismissed because Applicant failed to assert due process violations in his disciplinary proceeding in IR No. 1703408. Nothing in the February 18, 2009, Order addresses any alleged due process violations that may have taken place in the disciplinary proceeding in IR No. 1703407. Applicant, if he so desires, may file a new

3

Incident Report (IR) No. 1703408. The reasons for the dismissal are explained in detail in the February 18, 2009, Order of Dismissal.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. *Id.*; *see also Dalton v. First Interstate Bank*, 863 F.2d 702, 703 (10th Cir. 1988). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *Van Skiver*, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). "It is well settled that an order dismissing the action . . . is a final judgment." *Sherr v. Sierra Trading Corp.*, 492 F.2d 971, 978 (10th Cir. 1974). The February 18, 2009, Order denied the Application and dismissed the action with respect to IR No. 1703408. The Motion to Alter was filed on March 2, 2009. Applicant filed the Motion within ten days of the final judgment in the instant action. *See* Fed. R. Civ. P. 6(a). The Motion, therefore, will be construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e).

action to raise his claims regarding IR No. 1703407. The Motion to Reconsider will be denied. Accordingly, it is

ORDERED that Applicant's Motion to Reconsider (Doc. # 10 ), filed March 2, 2009, is denied.

DATED at Denver, Colorado, this 6 day of _March_____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00049-ZLW

C. Eli-Jah Hakeem Muhammad
a/k/a Christopher Mitchell
Reg. No. 02791-088
ADX – Florence
PO Box 8500
Florence, CO 81226-8500

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on _3/9/09_

GREGORY C. LANGHAM, CLERK

By: _____
                Deputy Clerk