IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00049-ZLW

C. ELI-JAH HAKEEM MUHAMMAD, aka CHRISTOPHER MITCHELL,

    Applicant,

v.

R. WILEY, FCC/ADMAX, Warden,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT -2 2009

GREGORY C. LANGHAM
               CLERK

---

ORDER ON REMAND

---

This matter is before the Court on the July 16, 2009, remand entered by the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) in the instant action. The case was reversed and remanded to this Court for further proceedings not inconsistent with this opinion. The Tenth Circuit found that Applicant filed two separate 28 U.S.C. § 2241 applications, one on January 13, 2009, and the other on January 27, 2009, in this case, but the Court only addressed the merits of the claims asserted in the January 27, 2009, Application. The Tenth Circuit concluded that this Court should have either docketed the second application as a new action or should have considered the two separate § 2241 applications together.

Applicant is a prolific filer of both prisoner complaints and of § 2241 actions in this Court. Applicant is subject to 28 U.S.C. 1915(g) restrictions in prisoner complaint

actions. He also has filed six[1] previous § 2241 actions, all of which address disciplinary actions and have been dismissed for failure to state a violation of Applicant's due process rights under *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Five of the six previous § 2241 actions have been affirmed on appeal. The sixth § 2241 action is pending on appeal.

Applicant also has been instructed on at least two occasions[2] that all the facts supporting his claims should be set forth in the Court-approved form or on additional pages attached to the Court-approved form as needed, rather than submitting separate documents that the Court must review to determine what facts are specific to the claims. It is not the Court's responsibility to refer to portions of a separate document, as in this case the "Declaration of C. Eli-Jah Hakeem Muhammad," to determine the facts of Applicant's claims. Nowhere in the Court-approved form in either the application form filed on January 13, 2009, or the application form filed on January 27, 2009, does Applicant refer to the specific incident report that he is challenging. In the future, Applicant is instructed to identify on the Court-approved form the specific incident report that he intends to challenge.

---

[1] *Muhammad v. Wiley*, No. 08-cv-01149-WYD (D. Colo. Aug. 25, 2009), *pending on appeal*, No. 09-1390 (10th Cir. Filed Sept. 3, 2009); *Muhammad v. Wiley*, No. 06-cv-01128-WYD (D. Colo. Sept. 18, 2008), *aff'd*, No. 08-1351 (10th Cir. May 20, 2009); *Muhammad v. Wiley*, No. 06-cv-01013-WYD (D. Colo. Aug. 25, 2008), *aff'd*, No. 08-1383 (10th Cir. May 20, 2009); *Muhammad v. Hood*, No. 03-cv-01935-ZLW (D. Colo. Dec. 17, 2003), *aff'd*, No. 04-1002 (10th Cir. June 7, 2004); *Muhammad v. Hood*, No. 03-cv-01491-ZLW (D. Colo. Sept. 4, 2003), *appeal dismissed*, No. 03-1421 (10th Cir. Apr. 8, 2004); *Muhammad v. Hood*, No. 03-cv-00650-ZLW (D. Colo. Apr. 30, 2003), *aff'd*, No. 03-1217 (10th Cir. Sept. 11, 2003).

[2] ; *Muhammad v. Walters, et al.*, No. 05-cv-01473-ZLW, Doc. # 21 (D. Colo. Jan. 10, 2006); *Muhammad v. BOP, et al.*, No. 04-cv-02159-ZLW, Doc. # 9 (D. Colo. Apr. 13, 2005).

Upon review of the attachments submitted with each Application, the Court finds that both Incident Report (IR) # 1703408 and IR # 1703407 involve the same infraction that occurred on February 25, 2008, when Applicant sprayed both an inmate and an officer with urine from a shampoo bottle. In IR # 1703408, Applicant was charged and found guilty of spraying another inmate with the urine, and in IR # 1703407, Applicant was charged and found guilty of spraying an officer with the urine. Because the incident reports involve the same infraction, and the same disciplinary hearing that addressed the infraction, and because the claims Applicant raises in the January 27, 2009, Application are inclusive of the claims asserted in the January 13, 2009, Application, the Court may consider both Applications in this action.

Upon review of the January 13, 2009, Application, the Court finds that the four claims Applicant sets forth in the Court-approved form are conclusory and vague and fail to address specific facts regarding the denial of Applicant's due process with respect to IR # 1703407. In Claim One, Applicant asserts that he did not receive written notice of misconduct charges until eighteen days after the incident took place in violation of *Wolff*. The Court addressed this issue in the February 18, 2009, Order and found Applicant failed to assert a violation of his due process rights, because he had well over twenty-four hours between the date he was given the notice of the charges against him and the date the disciplinary hearing was held.

As for Claim Two, the Court found in the February 18, 2009, Order that Applicant failed to assert what the surveillance tapes would have shown that would have exonerated him from a guilty finding at his disciplinary hearing. With respect to Claim Three, as found in the February 18, 2009, Order, the Disciplinary Hearing Officer

3

(DHO) relied on memoranda from two prison officers regarding the incident. In the DHO Report, the DHO states that one of the reporting staff members asserted in his memorandum that he was sprayed on the left arm with the liquid substance, when Applicant threw the liquid. (Jan. 13, 2009, Application at Attach. S.) The other reporting officer asserted in his memorandum that Applicant sprayed a liquid substance from what appeared to be a shampoo bottle. (Jan. 13, 2009, Application at Attach. S.)

Also, the DHO Report states that Applicant confirmed during the hearing that he had thrown a liquid substance, but he was not throwing the liquid at the officer. (Jan. 13, 2009, Application at Attach. S.) Applicant does not deny he made this statement. Applicant further stated in the written statement he provided to the DHO that he did not actually intend to assault the officer with bodily fluids. (Jan. 13, 2009, Application at Attach. R.) Whether or not Applicant intended to throw any liquid substance on a prison officer does not exempt him from being found to disrupt or interfere with the security or orderly running of the institution with which he was found guilty of doing in IR # 1703407. The Court, therefore, finds, that the DHO's decision is supported by some evidence, and Applicant's due process rights were not violated by the decision.

Finally, as for Claim Four, the claim was addressed in the February 18, 2009, Order of Dismissal.

The Court, therefore, finds that the January 13, 2009, Application, which addressed IR # 1703407, should be denied both for the reasons stated in the February 18, 2009, Order of Dismissal, and for the reasons stated above. The January 27, 2009, Application, which addressed IR # 1703408, should be denied for the reasons stated in the February 18, 2009, Order of Dismissal. Accordingly, it is

ORDERED that this civil action is reinstated pursuant to the order and judgment of the United States Court of Appeals for the Tenth Circuit filed on July 16, 2009. It is

FURTHER ORDERED that the January 13, 2009, Application and the January 27, 2009, Application, are considered together in this action for the reasons stated above in this Order. It is

FURTHER ORDERED that both the January 13, 2009, Application and the January 27, 2009, Application are denied for the reasons set forth in the Court's February 18, 2009, Order of Dismissal and for the reasons stated above, and the action is dismissed.

DATED at Denver, Colorado, this 2d day of Oct., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00049-ZLW

C. Elijah Hakeem Muhammad
aka Christopher Hijrah Mitchell
Reg. No. 02791-088
ADX - Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/2/09   .

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk